UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD JAY WILSON,<br><br>        Plaintiff,<br><br>   v.<br><br>J. CASTRO,<br><br>        Defendant. | Case No.  1:24-cv-00542-HBK (PC)<br><br>ORDER STRIKING IMPROPER PLEADING<br><br>(Doc. No. 1)<br><br>ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT[1]<br><br>JUNE 10, 2024 DEADLINE |

      Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se civil rights complaint filed under 42 U.S.C. § 1983 by Gerald Jay Wilson—a prisoner. (Doc. No. 1, "Complaint"). The Complaint was originally filed in the United States District Court for the Northern District of California and transferred to this Court on May 6, 2024. (Doc. No. 12). This same day, the Court granted Plaintiff's application to proceed in forma pauperis. (Doc. No. 15). Upon review of the Complaint, the Court notes that it fails to comply with Rule 8 of the Federal Rules of Civil Procedure. (*See id.*). Thus, the Court will strike Plaintiff's Complaint and afford Plaintiff the opportunity to either file an amended complaint or voluntarily dismiss his Complaint.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

     The Federal Rules of Civil Procedure require that the complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 8 states that "[e]ach allegation must be simple, concise, and direct." *Id*. 8(d)(1). To ensure compliance with Rule 8, courts of the Eastern District of California generally limit complaints to twenty-five pages. *See Lal v. United States*, 2022 WL 37019, at *2 (E.D. Cal. Jan. 3, 2022); *Williams v. Corcoran State Prison*, 2022 WL 1093976, at *1 (E.D. Cal. Apr. 12, 2022). The page limit includes the complaint itself and any exhibits, for a total of twenty-five pages. *See Rivas v. Padilla*, 2022 WL 675704, at *2 (E.D. Cal. Mar. 7, 2022). "[A] lengthy complaint can violate Rule 8 if a defendant would have difficulty responding to the complaint." *Skinner v. Lee*, 2021 WL 6617390, *2-*3 (C. D. Cal. May 20, 2021) (citing *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rules 8's pleading directives. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).

     Plaintiff's Complaint numbers 50 handwritten pages, along with 10 pages of exhibits.[2] It fails to set forth claims in "short and plain" statements, and thus violates Rule 8. Under Rule 8, allegations of facts that are extraneous and not part of the factual basis for the particular constitutional claim are not permitted. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 can be violated when the plaintiff provide too much information). Instead, the Complaint is in a narrative fashion, and the Court cannot reasonably infer what each of the 13 named defendants did or failed to do to give rise to a constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court will therefore strike the Complaint as not in compliance with Rule 8 and as pled fails to state a claim. Further, much of Plaintiff's handwritten Complaint is faint and difficult to read. If Plaintiff chooses to file an amended complaint, Plaintiff should ensure it is legible, preferably typewritten or if handwritten using dark ink. The Court encourages Plaintiff to

---

[2] Plaintiff's main exhibit appears to be an application to proceed in forma pauperis ("IFP"), (*see* Doc. No. 1 at 52-57), however the Court cannot determine based on a review of the Complaint whether this is in fact intended as an exhibit or a free-standing IFP application.

use the Court's enclosed preapproved complaint form.

Accordingly, it is **ORDERED**:

1. The Clerk of Court is directed to **STRIKE** Plaintiff's Complaint (Doc. No. 1).
2. **No later than June 10, 2024** Plaintiff must either deliver to correctional officials for mailing a First Amended Complaint.
3. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend that the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.
4. The Clerk of Court shall include a blank prisoner civil rights complaint form for Plaintiff's use as appropriate.

Dated:   May 9, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE