UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD JAY WILSON,<br><br>  Plaintiff,<br><br>  v.<br><br>J. CASTRO,<br><br>  Defendant. | Case No. 1:24-cv-00542-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DIRECTING CLERK TO PROVIDE COURTESY COPY OF COMPLAINT<br><br>(Doc. No. 17)<br><br>JULY 8, 2024 DEADLINE |

Pending before the Court is Plaintiff's pleading titled "Plaintiff's Declaration in Support of Reconsideration Pursuant to Federal Rule of Civil Procedure Rule 60(b) As to the Court's Order to Striking [sic] Improper Pleading." (Doc. No. 17). The Court construes the pleading as a motion for reconsideration under Rule 60(b). For the reasons stated below, the Court denies the motion.

On May 9, 2024, the Court struck Plaintiff's Complaint because it failed to comply with Federal Rule of Civil Procedure 8. (*See* Doc. No. 16). On May 23, 2024, Plaintiff filed the instant Motion, disputing that his Complaint contained more than 50 pages and is the Complaint that he filed in the Northern District of California that was transferred to this Court. Plaintiff seeks reconsideration of the Court's order striking the Complaint and requests a copy of the Complaint to verify that it was the same Complaint he filed in the Northern District. (*See* Doc.

No. 17).

Federal Rule of Civil Procedure 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or  misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be brought within a reasonable time.  And, for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.  A Rule 60(b) motion lies within the discretion of the court.  Because such motions undo a final judgment, relief under Rule 60(b) is limited and granted sparingly in extraordinary circumstances. *See Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017).

Because Plaintiff asserts the Court's order striking his Complaint was based on an error by the Clerk of Court, the Court construes the motion as brought under Rule 60(b)(1). *See Kemp v. United States*, 596 U.S. 528, 534 (2022).  However, Plaintiff provides no evidence that any error was made by the Clerk's Office or this Court.  He asserts that the Complaint the Court screened was not his, but it bears his name, is written in his handwriting, and bears his signature.

Plaintiff's Complaint did not include a "short and plain statement of the claim" but had factual allegations scattered throughout the 50 pages in contravention to Rule 8.  In addition to violating Rule 8, Plaintiff's Complaint also violates Rule 10(b) which requires that a complaint be written in "numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Plaintiff's Complaint is written in narrative form and does

not contain numbered paragraphs setting forth its claims. *See Quezada v. Hedgepeth*, 2009 WL 529888 (E.D. Cal. Mar. 2, 2009) (dismissing under Rules 8 and 10 complaint that was "composed of a lengthy factual narrative followed by two general grounds for relief that raise multiple claims per count and make only vague and conclusory allegations against Defendants as a group.")

Plaintiff's Motion is devoid of any reason why the Court should reconsider its previous order striking his Complaint. The Court will nevertheless direct the Clerk to provide Plaintiff with a copy of the Complaint that was transferred to this Court and extend the time for Plaintiff to file an amended complaint in compliance with Federal Rules of Civil Procedure 8 and 10.

In filing his amended complaint, Plaintiff is advised to use the Court's approved civil rights complaint form. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The amended complaint must not exceed twenty-five (25) pages and must be retyped or rewritten in its entirety legibly. The amended complaint cannot refer or incorporate by reference any portion of the original complaint. Plaintiff must provide information in his amended complaint regarding the Court's jurisdiction and the defendants, and he must divide his lawsuit into separate counts if he is alleging more than one cause of action. In each count, Plaintiff must identify the federal constitutional civil right allegedly violated, state with facts how each defendant participated in the alleged violation at issue, explain how Plaintiff was injured by the alleged violation, and what relief he is seeking.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for reconsideration (Doc. No. 17) is DENIED.

2. No later than **July 28, 2024**, Plaintiff shall deliver to correctional officials for mailing (1) a legible amended complaint numbering no more than 25 pages and setting forth its claims in numbered paragraphs or (2) a notice of voluntary dismissal under Rule 41. The Court strongly recommends Plaintiff use the attached civil rights complaint form in filing his amended complaint.

3. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend that the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

4.	The Clerk of Court shall include a blank civil rights complaint form for Plaintiff's use as appropriate.

5.	The Clerk of Court is also directed to provide Plaintiff with a one-time courtesy copy of his Complaint. (Doc. No. 1).

Dated: June 7, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE