UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD JAY WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. CASTRO, et al.,<br><br>　　　　　Defendants. | Case No.  1:24-cv-00542-HBK (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMOVE OR TRANSFER CASE<br><br>(Doc. No.  19) |

　　　　Pending before the Court is Plaintiff's pleading titled "Plaintiff [sic] Motion to Remove or Transfer Plaintiff's Civil Complaint to Eastern District of Sacramento Jurisdiction As Conflict of Laws in Eastern Jurisdiction of This Court By the Magistrate Assigned by District Judge 28 U.S.C. Section 636(b)(1)(A)."  (Doc. No. 17, "Motion").  For the reasons stated below, the Court grants in part and denies in part the motion.

　　　　On May 9, 2024, the Court struck Plaintiff's Complaint because it failed to comply with Rule 8 of the Federal Rule of Civil Procedure and directed Plaintiff to file an amended complaint no later than June 10, 2024.  (*See* Doc. No. 16).  In response, Plaintiff filed a Motion for Reconsideration of the May 9, 2024 Order under Rule 60(b), which the Court denied, and gave Plaintiff until July 28, 2024 to file either an amended complaint or a notice of voluntary dismissal. (Doc. No. 18).  In response, Plaintiff filed the instant Motion, arguing that the Court impermissibly struck his Complaint based on Court rules that are not ordinarily applied to pro se

litigants. (Doc. No. 19 at 5-7). Plaintiff asks the Court to transfer his case to the Sacramento Division "because Plaintiff will not receive a fair and impartial initial screening pursuant to 28 U.S.C sections 1915(e)(2)(A) and 1915A(b) [in the Fresno Division]." (*Id*. at 7).

## MOTION TO TRANSFER VENUE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a). "The phrase where an action 'could have been brought' is interpreted to mean that the proposed transferee court would have subject matter jurisdiction, proper venue, and personal jurisdiction." *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc*., 2012 WL 2068728, at *2 (S.D. Cal. June 8, 2012).

For subject matter jurisdiction, prisoner civil rights cases brought pursuant to 42 U.S.C. § 1983 "aris[e] under federal law" and thus fall within this Court's jurisdiction over matters involving a federal question. *See* 28 U.S.C. § 1331. Thus, based on the pleadings, the Eastern District of California has subject matter jurisdiction over this action. Relevant here, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or where "a substantial part of the events or omissions giving rise to the calm occurred. . . ." 28 U.S.C. § 1391(b)(1)(2). The named Defendants in this action are all employees of Kern Valley State Prison or contractors working at Kern Valley State Prison, and the events of which Plaintiff complains occurred at Kern Valley State Prison. (*See generally* Doc. No. 1). Kern Valley State Prison, which is located in Kern County, is within the Fresno Division of this Court. *See* Local Rule 120(d) (E.D. Cal. 2023). Therefore, venue is proper in the Fresno Division of this Court but not in the Sacramento Division. Indeed, this action was transferred by the Northern District of California to this Court for these reasons. (*See* Order of Transfer Dated May 6, 2024, Doc. No. 12). Accordingly, the Court will deny Plaintiff's Motion to Transfer Venue.

////

////

////

**MOTION TO SCREEN**

Liberally construed, Plaintiff again objects that the Court struck instead of screening his original Complaint.[1] Although the reasons the Court struck the Complaint will likely mirror at least some of the deficiencies the Court would have pointed out in a screening order, given Plaintiff's pro se status, the Court will grant Plaintiff's Motion. Thus, the Court will vacate its prior order striking Plaintiff's Complaint and screen it instead in due course.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Transfer Venue (Doc. No. 19) is **DENIED** in part and **GRANTED** in part. The Motion is **DENIED** to the extent the Court will not transfer this action to Sacramento. The Motion is **GRANTED** to the extent the Court will screen Plaintiff's original Complaint.

2. The Court **VACATES** its May 9, 2024 Order striking Plaintiff's Complaint (Doc. No. 16) and will screen Plaintiff's original Complaint (Doc. No. 1) in due course.

Dated:   August 7, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] A motion's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, we "construe [the motion], however styled, to be the type proper for the relief requested." *Id.*